[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on May 5, 1973 at Danbury, Connecticut. The wife's birth name is Bomgardner.
Both of the parties have resided continuously in the State of CT Page 2980 Connecticut for at least one year prior to the commencement of these proceedings.
Three children were born to the wife, all issue of the marriage and all minors, to wit: Lauren Rousseau, born June 8, 1982; Matthew Rousseau, born November 10, 1985; and Andrew Rousseau, born March 8, 1989.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution is entered.
Both of the parties are employed and in good health. The wife is forty-three (43) years old and the husband is forty-eight (48) years old.
The wife, who has worked during a good portion of the marriage, became employed in September, 1993 as an editor at the Danbury News-Times and grosses $33,800 per year.
The husband has worked throughout the marriage. He started out as a carpenter and slowly entered the photography business, first on a part time basis and in 1986 decided to devote full time to the business.
Much of the testimony was devoted to the husband's business and income. He claims that his income for tax purposes is presently $41,000. The wife claims that his income should be reported as $51,000 since a great deal of his personal expenses are paid by the business, thereby reducing his "reported" income which would impact on the court's award of child support.
There is merit to her argument. If the husband were to add into his income those "monies" allocated as business expenses, i.e., one-half the rent, and one-half of the utilities, it would increase his reportable income and thereby impact on his share of child support. Although it may not be illegal to handle his income and expenses as he does for maximum tax credit, nonetheless the wife should not have to suffer the consequences of this accounting procedure.
Accordingly, the court finds that for the purpose of child support computation and distribution of property issues, the husband's gross weekly income should be approximately $830 with a net of $675. CT Page 2981
The other issue of concern is the disposition of the marital home. For the purpose of this memorandum, the court finds that the home has a fair market value of $180,000 and an equity of $157,000. Neither of the parties submitted expert testimony on value.
The court also finds that each of the parties had retirement accounts which were drawn upon during the last few years. The wife withdrew almost all of her account and is now faced with a penalty and tax for the calendar year 1993.
Since August 1992, the husband paid the mortgage, electricity, heat, car insurance and orthodontia expenses.
The parties have stipulated that a payment of $11,000 to the wife would be a fair resolution of the Canadian accounts.
Finally, the court must note for the record that the husband's business has a value of approximately $35,000.
The court adopts the stipulation by the parties that the parenting schedule worked out with the assistance of the Family Relations office become an order of this court.
Having considered all of the evidence and the provision of sections 46b-81, 46b-82 and 46b-84, the court further finds and orders as follows:
1. The parties shall retain joint custody of the minor children and they shall consult with each other concerning all major decisions affecting the children's lives, except for emergencies.
The schedule of parental contact shall be as follows:
 (a) The children shall reside with the father from Sunday morning at 10 a.m. through Wednesday morning, with the father transporting the children to their respective schools.
 (b) The children shall be with their mother from after school on Wednesdays to Sunday mornings at 10 a.m.
 (c) On any Sunday that the father works a wedding, the mother shall care for the children. CT Page 2982
 (d) One weekend per month the children shall be with their father. The father shall have the children from Saturday morning until the following Tuesday morning (rather than Sunday afternoon through Wednesday morning). There shall be consultation about the father's weekend visitation and there shall be reasonable notice concerning his selection of weekend time.
 (e) Until such time as the younger child is in school, on a full time basis, the mother shall have the child for luncheon on either Monday or Tuesday.
 (f) There shall be reasonable telephone access between the mother and children when they are residing with the father; there shall be reasonable telephone access between the father and the children when they are residing with the mother.
 (g) The Easter holiday shall be shared. The children shall be with the mother until 2 p.m. and thereafter with the father.
 (h) The Thanksgiving holiday shall be shared with the children spending the morning until 3 p.m. with their mother and from 3 p.m. overnight with the father.
 (i) The Christmas holiday shall be shared with the children spending Christmas Eve with their mother and Christmas Day through 1 p.m. The father shall have the children from Christmas Day from 1 p.m. through 10 a.m. the following day.
 (j) The children shall be with the mother on Mother's Day and the father on Father's Day.
 (k) Both parents shall have two weeks of vacation time with the children during the summer and the parties shall agree with regard to said schedule prior to June 1 of each summer in advance.
 (l) The children shall attend Greenknoll Day Camp or similar camp facilities during the summer plus the vacation times with their respective parents. The children shall be enrolled as early as possible to obtain any financial assistance, and the parties shall equally share the camp fees for the summers for the children.
 (m) The parties shall share other vacation times with the children and represent that they can agree upon an appropriate schedule. CT Page 2983
 (n) At all times, the parties will attempt to be flexible in view of their respective work schedules and will attempt to accommodate each other with regard to time with the children.
 (o) Lauren shall continue in counseling with Dr. Mary Steer. Each parent shall participate in parent counseling in accordance with Dr. Steer's direction.
 (p) Matthew and Andrew will be evaluated at the Danbury Hospital to assess their need for individual and/or family counseling.
 (q) Both parents shall keep the other fully informed with regard to any significant issues concerning health, education and welfare of the children and shall notify each other within twenty-four (24) hours of any substantial changes concerning the same.
 (r) The parenting plan will be reviewed by the Family Relations office in June, 1994, at the request of either party.
2. The husband shall pay as child support for the minor children the sum of $280 per week. The court finds the guidelines inapplicable because of the shared custody arrangement of the parties. These financial orders are retroactive to January 22, 1994.
3. No alimony shall be paid to either party.
4. In the event of a tax deficiency for any year in which the parties have filed a joint tax return, the party whose income or reporting is responsible for the deficiency shall be responsible for payment of same and shall further indemnify and save the other harmless.
5. The husband shall, within ninety (90) days, pay to the wife the sum of $11,000 by way of a property settlement.
6. The husband shall transfer all of his right, title and interest in the marital home to the wife. She shall be responsible for the payment of the mortgage, taxes, insurance and all other expenses of maintaining said home. She shall further execute and deliver to the husband a mortgage deed and note in the amount of $65,000 which shall be paid to him as follows:
(a) $20,000 within five years; CT Page 2984
 (b) the balance upon the happening of the first of the following events:
(1) death of either party;
(2) cohabitation by the wife;
(3) sale or rental of the premises;
(4) when the youngest child reaches his 19th birthday.
It is intended that should any of the events indicated above occur during the first five years, then there shall also be an acceleration of the $20,000 payment.
7. Each of the parties shall keep the personal property, automobiles and accounts presently in their possession and/or in their own name, except that the husband shall be entitled to remove from the marital home his studio equipment, tables, fan, safe and desk; his drafting table and backdrops; personal books; table and radial arm saws; an extension ladder; and also access to family photos and negatives for duplication.
8. The court waives the requirement of parenting classes.
9. The wife shall maintain medical and dental insurance for the children as available through her employment. The husband shall reimburse the wife for one-half of the cost of said premium for the children only.
All unreimbursed medical and dental expenses shall be divided equally between the parties.
10. Each of the parties shall be responsible for his or her own costs and attorney's fees.
Mihalakos, J.